IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MICHAEL ANTHONY STERLING,** **#A72 001 442,** | * | |
| Petitioner | * | |
| v. | * | CIVIL ACTION NO. L-05-2128 |
| **ICE, et al.,** | * | |
| Respondents | | |

**MEMORANDUM**

Pending is Michael Anthony Sterling's ("Sterling") pro se 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. No oral argument is necessary because the parties have fully briefed the issues. See Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the Court will, by separate Order, deny Sterling's Petition.

**I.    BACKGROUND**

On July 14, 1994, Sterling, a native and citizen of Jamaica, was admitted to the United States as a nonimmigrant visitor. He was authorized to remain until August 6, 1994, but did not depart within the time allowed.

On November 19, 1999, Sterling was convicted in the District Court of Maryland for Baltimore City of Uttering Forged Currency.

On July 23, 2001, Petitioner was served with a Notice to Appear charging him as removable from the United States under 8 U.S.C. § 1227(a)(1)(B) (a nonimmigrant alien who remained in the United States longer than permitted), and under 8 U.S.C. § 1227(a)(2)(A)(i) (an alien convicted of a crime involving moral turpitude committed within five years of admission). Docket No. 3, Ex. 1.

Petitioner failed to appear for his hearing before the Immigration Judge ("IJ") and was ordered removed in absentia. Id., Ex. 2. Petitioner's motion to reopen was denied by the IJ. His appeal was denied by the Board of Immigration Appeals on September 28, 2005. Id., Ex. 3. On April 13, 2004, Petitioner was taken into Immigration and Customs Enforcement ("ICE") custody.

On September 7, 2005, Sterling filed the instant Petition arguing that he should be released from ICE custody because he has been detained for longer than six months. Sterling will not be detained much longer, however. ICE has received a Travel Document from the Embassy of Jamaica, and Sterling's removal has been scheduled for on or after October 29, 2005. Id., Ex. 4.

## II. ANALYSIS

In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that detention following post-removal order (8 U.S.C. § 1231(a)) must be limited to a period reasonably necessary to bring about the alien's removal from the United States. The statute does not authorize indefinite detention. In sum, the Supreme Court found that after an order of deportation becomes final, an alien may be held for a six-month period. After this period:

> [o]nce the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Zadvydas, 533 U.S. at 701.

Sterling has failed to meet his burden of proof. ICE's recent filings demonstrate that his deportation to Jamaica is imminent.

## III. CONCLUSION

For the reasons stated herein, the Court will, by separate Order, deny Sterling's Petition.

Dated this 27th day of October, 2005.

/s/
_____
Benson Everett Legg
Chief Judge